STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Maplewood,   }
Ltd.   }
   }  Docket No.  151-9-01[1] Vtec
   }
   }

Decision and Order on Appellant's Motion for Summary Judgment

Appellant Maplewood, Ltd. appealed from decision of the Development Review Board (DRB) of the Town of Berlin, granting Appellee-Applicant LaGue, Inc.' s revised application dated June 12, 2001. Appellant is represented by Paul S. Gillies, Esq.; Appellee-Applicant Lague, Inc. is represented by Brian J. Grearson, Esq. and responded to the Motion for Summary Judgment, but has not entered an appearance in this docket number; the Town was represented in the earlier docket number (see note 1, below) by Robert Halpert, Esq., but has not entered an appearance to date in the above-captioned appeal. Appellant has not filed a statement of questions to date in the above-captioned appeal, but has moved for summary judgment that the matter should be remanded again, because the DRB failed to warn the application under § II(12)(1) of the Zoning Regulations and failed to consider the criteria under that section for change of use from one non-conforming use to another non-conforming use.

In the previous case, the Court ruled in May 2001 that the application had to be submitted to the DRB for an application under § II(12)(1) for a change, alteration or enlargement to a pre-existing nonconforming use, or for the DRB to act on a variance application, as well as for the DRB to act on the site plan approval required for all three proposed uses.

The application was submitted in June 2001, and was referred to the DRB for " site plan approval, cond[itional] use review, non-conform[ing] lot, [and] (?variance)." Appellant argues that, as it was not warned for consideration under § II(12)(1) for a change, alteration or enlargement to a pre-existing nonconforming use, and as the DRB did not address in its decision the § II(12)(1) criteria, the Court cannot proceed to address those criteria.

Appellant' s Motion for Summary Judgment, requesting remand, is DENIED. The matter is <u>de novo</u> before the Court. In however rudimentary a form, Appellee-Applicant' s application raises " non-conforming lot," as a separate issue. As well, the Court' s May 2001 order, which was referenced in the DRB decision, raised the issue of consideration under § II(12)(1) for a change, alteration or enlargement to a pre-existing nonconforming use, sufficiently for that issue to be before the Court in the present appeal. As it was in the application, even though the DRB did not apply the § II(12)(1) criteria, the Court in the <u>de novo</u> appeal has jurisdiction to consider and apply the criteria as found in the Zoning Regulations.

Appellant shall file its Statement of Questions so that it is received at the Court on or before November 26, 2001. If the Town wishes to enter its appearance, and if Attorney Grearson wishes

to enter an appearance under this docket number, such entry of appearance shall also be filed so that it is received at the Court on or before November 26, 2001. We will hold a telephone conference at 10:30 a.m. on November 27, 2001 to discuss setting the merits of this appeal for hearing.

Done at Barre, Vermont, this 14th day of November, 2001.

_____
Merideth Wright
Environmental Judge

## Footnotes

1.    The parties have been using the incorrect docket number of the previous case, 166-8-00 Vtec. Please use the correct docket number of the current case: 151-9-01 Vtec. All issues in the previous case are concluded; the parties will recall that it was only consolidated with the current case so that any decision of whether to appeal the previous case could be postponed until the current case is concluded.